(889 P.2d 152)
No. 70,852

In the Matter of the Marriage of BELINDA LOU SHANNON, *Petitioner*, and EARL LYNN SHANNON, *Respondent.*

—

Opinion filed February 3, 1995.

*Jon L. Frobish,* of the Kansas Department of Social and Rehabilitation Services, of Goodland, for the cross-appellant.

Before BRISCOE, C.J., ELLIOTT, J., and STEPHEN D. HILL, District Judge, assigned.

BRISCOE, C.J.: The Kansas Department of Social and Rehabilitation Services (SRS) appeals an order reducing the child support obligation of Earl Lynn Shannon.

Earl and Belinda Lou Shannon were divorced in 1991. They had three minor children, and Earl was ordered to pay child support of $471 per month. Earl moved for a reduction of child support in April 1993. At the hearing on the motion, Earl presented a child support worksheet that showed his support obligation should be $307 per month, based on income at the minimum wage. This worksheet was filed in district court but is not in the record on appeal. SRS presented no evidence but argued child support should not be reduced because Earl was a self-employed businessman and may have understated his income on the worksheet, and that he had substantial assets in trusts established for his benefit. The trial court reduced the amount of child support and ruled that the trust assets were subject to garnishment. Earl appealed the garnishment ruling, but his appeal was dismissed for failure to pay for the transcript. SRS appealed the

reduction in child support, and that appeal has been treated as a cross-appeal by this court.

We first address whether SRS's cross-appeal was timely filed. The multiple issues pending before the trial court and the series of orders filed resolving those issues provide the background for this jurisdictional question. There were three claims or issues before the trial court: SRS's accusation in contempt, Earl's motion to reduce child support, and SRS's motion to sustain garnishment against Earl's trust property. A chronology of relevant filings is as follows:

| | |
|---|---|
| 8/24/93 | Journal entry filed reducing child support and ordering briefs on garnishment issue |
| 8/27/93 | Notice of appeal filed by SRS from order reducing support; apparently not docketed in this court |
| 10/5/93 | Order filed resolving garnishment issue |
| 10/14/93 | Notice of appeal filed by Earl from ruling that trust was subject to garnishment |
| 10/26/93 | Journal entry of October 1 oral ruling filed, noting receipt of briefs on garnishment issue, finding Earl not in contempt, and certifying the order reducing support as a final judgment under K.S.A. 1993 Supp. 60-254(b) |
| 11/4/93 | Notice of appeal filed by SRS from the order reducing child support; docketed in this court. |

K.S.A. 1993 Supp. 60-2103(h) provides that cross-appeals must be filed within 20 days after filing and service of the notice of appeal. Here, SRS's second notice of appeal was filed on November 4, which was 21 days after the service and filing of Earl's notice of appeal on October 14. Because Earl's notice of appeal was served in person, SRS was not entitled to three mailing days under K.S.A. 1993 Supp. 60-206(e). However, Earl's notice of appeal filed on October 14 was premature. One of the issues before the trial court was whether Earl was in contempt for failing to pay child support. That issue was decided on October 1 but was not journalized until October 26. The October 26 journal entry was the final judgment on all issues. We note the 60-254(b)

certification in the journal entry was superfluous because the trial court had decided the other unresolved issue in an order filed on October 5.

Under Supreme Court Rule 2.03 (1994 Kan. Ct. R. Annot. 8), a premature notice of appeal filed after announcement of a judgment but before the actual entry of judgment takes effect upon the entry of final judgment, as if they had been filed simultaneously. Although this rule is not directly applicable when a notice of appeal is premature because of unresolved issues, the Kansas Supreme Court has held that a final judgment disposing of all claims and all parties validates a premature notice of appeal filed after a partial judgment leaves unresolved claims against some of the parties. See *Honeycutt v. City of Wichita*, 251 Kan. 451, 462, 836 P.2d 1128 (1992).

It would logically follow that the premature notice of appeal takes effect upon entry of final judgment in this situation as well, and the time for a cross-appeal would run from entry of final judgment. We have found no Kansas cases holding that the time for filing a cross-appeal after a premature notice of appeal runs from the entry of final judgment rather than from the filing of the notice of appeal, but such is consistent with the intent of the Code of Civil Procedure. See *Honeycutt*, 251 Kan. at 461; *Sanders v. City of Kansas City*, 18 Kan. App. 2d 688, 692, 858 P.2d 833, *rev. denied* 253 Kan. 860 (1993), *cert. denied* 128 L. Ed. 2d 339 (1994). See generally *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, 432, 721 P.2d 278 (1986) (cross-appeal filed more than 20 days after notice of appeal but within 20 days after trial court's denial of post-trial motion would have been timely if post-trial motion had been timely). A contrary rule would result in the appellant effectively shortening the cross-appellant's period for filing its notice of appeal by the filing of a premature notice of appeal.

SRS's notice of cross-appeal was timely because it was filed within 20 days of the entry of final judgment on October 26.

SRS contends the trial court abused its discretion in ordering a reduction of Earl's child support obligation based solely upon a Child Support Guidelines Worksheet without hearing any evidence. Review of an order modifying child support is limited to

determining whether the modification was an abuse of discretion. See *In re Marriage of Soden,* 251 Kan. 225, 237, 834 P.2d 358, *cert. denied* 121 L. Ed. 2d 540 (1992).

The courts must follow the guidelines in determining child support. See *In re Marriage of Schletzbaum,* 15 Kan. App. 2d 504, 506-07, 809 P.2d 1251 (1991). Section I of the guidelines provides that the calculation of child support obligations in line D. 9 of the worksheet "is a rebuttable presumption of a reasonable child support order." 1994 Kan. Ct. R. Annot. 83. See *Schletzbaum,*15 Kan. App. 2d at 506.

SRS does not contend that the court failed to follow the calculation on the worksheet, but argues the worksheet was inaccurate and did not present a complete financial picture because Earl failed to disclose his income-producing assets.

The trial court did not abuse its discretion in reducing support without hearing evidence. In the absence of the worksheet, it must be presumed that the court followed the calculation of Earl's support obligation in reducing support to $307 per month. Under the guidelines, that calculation established a rebuttable presumption that justified reduction of support. Because there was no evidence presented to rebut the presumption, it was not an abuse of discretion for the trial court to modify support based solely on the worksheet.

Affirmed.