(936 P.2d 302)

No. 75,817

In the Matter of the Marriage of JUDITH L. (JONES) MILANO, *Appellant*, and JERRY O. JONES, SR., *Appellee.*

Opinion filed April 25, 1997.

*Sara S. Beezley*, of Girard, for appellant.

*Randel L. Messner* and *J. Scott Thompson*, of Child Support Enforcement, Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before KNUDSON, P.J., RULON, J., and RICHARD B. WALKER, District Judge, assigned.

RULON, J.: Respondent Judith L. (Jones) Milano appeals the district court's award of child support to her former husband, petitioner Jerry O. Jones, for support of their two minor children. We affirm.

Jerry Jones and Judith Milano were divorced in 1987. Jerry was awarded primary residential custody of their two children. At the time of the divorce, Judith was not ordered to pay child support for their two children, Jerry Jr. and Justin. On July 13, 1995, the Kansas Department of Social and Rehabilitation Services filed a motion to establish an order for Judith to pay child support to Jerry.

Judith testified that she was self-employed as a beautician and could only work 24 hours a week because of the expense of day care for her 1-year-old child, born to her and her present husband.

It is undisputed that Jerry has no legal responsibility to support this 1-year-old child. Additionally, Judith testified that she paid $17 per day for day care expenses.

The district court imputed to Judith income equal to the federal minimum wage rate of 40 hours per week and further denied Judith's request to adjust her child support payment for Jerry's and her two children by the amount that she would have to pay for child care costs for her 1-year-old child.

Judith appeals the district court's decision to impute income to her and the district court's finding that, as a matter of law, it could not consider Judith's day care costs for a child for which Jerry had no legal responsibility.

## IMPUTED INCOME

The Kansas Child Support Guidelines, Administrative Order No. 107 (1996 Kan. Ct. R. Annot. 86), clearly state:

"1. Income may be imputed to the noncustodial parent in appropriate circumstances including the following:

"a. Absent substantial justification, *it should be assumed* that a parent is *able to earn at least the federal minimum wage and to work 40 hours per week.*" (Emphasis added.)

Judith's sole basis for claiming the district court abused its discretion by imputing income to her is that there were no opportunities available to her and she could not afford day care costs if she worked 40 hours. Judith further complains that Jerry presented no evidence she could find a 40-hour-a-week job paying minimum wage. However, this argument incorrectly assesses the burden against Jerry, whereas the Child Support Guidelines clearly place the burden to establish inability to work full time upon the noncustodial parent.

The legislature's intention to impute full-time income at the federal minimum wage to the noncustodial parent is clear. It is within the district court's discretion to determine what is a substantial justification not to impute income to the noncustodial parent. Absent a finding that no reasonable person would adopt the view taken by the district court, this court must accept the district court's

ruling. See *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P.2d 1172 (1973).

Judith did not present any evidence that she was incapable, due to a disability or otherwise, of maintaining full-time employment at the federal minimum wage. Consequently, the district court did not abuse its discretion in imputing income to her.

## CHILD CARE EXPENSES

The district court did not accept Judith's request to allow an adjustment for a child for which Jerry was not legally responsible. The court held

"that as a matter of law, [Judith's] cost incurred to provide day care for her minor child who is not a mutual child of [Jerry and Judith] is not applicable in calculating the amount of child support [Judith] should be ordered to pay for the minor children herein, and the court therefore refuses to include such day care costs on the Child Support Worksheet in this case."

"Interpretation of the child support guidelines is a question of law; therefore, this court's standard of review is de novo." *Scruggs v. Chandlee*, 20 Kan. App. 2d 956, Syl. ¶ 1, 894 P.2d 239 (1995).

Here, the district court did allow Judith to make a Multiple Family Adjustment in the child support worksheet. "The Multiple Family Adjustment is used to adjust the noncustodial parent's child support obligation when the noncustodial parent has legal financial responsibility for the support of other children who reside with the noncustodial parent in addition to the children shared with the custodial parent." Kansas Child Support Guidelines, Administrative Order No. 107 (1996 Kan. Ct. R. Annot. 87). Judith is the noncustodial parent, and she has legal responsibility to support two other children who reside with her. Therefore, the Multiple Family Adjustment takes into account the added expense of the two children who reside with her.

Jerry argues that the Multiple Family Adjustment already considers Judith's added expenses for her other children, such as day care costs, whereas lines 5 and 8 of the worksheet provide a limited adjustment for child care costs of children for which both parties are legally responsible.

Under the Kansas Child Support Guidelines, child-related costs are limited to the children for which both parties are legally responsible. The only exception is that made under the Multiple Family Adjustment. This adjustment considered the number of children which Judith is legally obligated to support. The Multiple Family Adjustment considers Judith's costs of raising her children for whom Jerry is not legally responsible, such as child care costs.

The district court did not err in ruling, as a matter of law, that lines 5 and 8 of the worksheet are limited to the actual costs of the two children born to Jerry and Judith. It would have been error for the court to consider the costs of children born outside the marriage, for which Jerry has no legal responsibility.

Affirmed.