(93 P.3d 734)

No. 91,129 ■

# In The Matter of the Marriage of LUCY PAUL, *Appellee*, and RONALD PAUL, *Appellant*.

Opinion filed July 16, 2004.

*Jon A. Blongewicz*, of Leawood, for appellant.

*Randy M. Barker*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before GREENE, P.J., MCANANY, J., and BRAZIL, S.J.

GREENE, J.: Ronald Paul appeals the district court's modification of his child support obligation, claiming that imputation of estimated child care expenses when imputing income to the custodial parent is in violation of the Kansas Child Support Guidelines (Guidelines). We affirm.

*Factual and Procedural Overview*

Ronald (Father) and Lucy Paul (Mother) were divorced in 2000, and Father was ordered to pay monthly child support of $700. In January 2002, SRS filed on behalf of Mother a motion to modify child support, claiming a material change of circumstances. The motion indicated that Mother's part-time employment monthly income had declined to $893 and Father's monthly income had increased to $3,834. The district court modified Father's child support accordingly, ordering monthly support of $906.

Father then moved for relief from the order, claiming that Mother was "deliberately unemployed" and that annual income consistent with Mother's prior earnings history and ability should be imputed to Mother. The district court then modified its prior order, imputing income to Mother based on full-time employment at her current hourly wage.

Father then moved for reconsideration, claiming that the imputed income was insufficient; Mother responded with the suggestion that "[i]f we are to assume that [Mother] is capable of earning a significantly higher income, isn't it also appropriate to assume that she would be faced with much higher day care costs?" The district court once again modified its prior order, imputing annual income of $25,000 to Mother, and ordering the parties to submit new worksheets reflecting this ruling.

When the parties were unable to agree upon "new worksheets," the matter was set for an evidentiary hearing. Following the hearing, the district court filed its memorandum decision imputing to Mother an annual income of $25,000 together with monthly estimated child care expenses of $601, the midpoint between amounts suggested by the parties. The court reasoned that "[i]t just appears logical to treat the situation where a Court says a party could be earning a certain amount of money in a way where the expenses normally associated with earning that money, like child [care] costs, are also calculated into the equation."

Father appeals.

*Standard of Review*

Generally, we review an order modifying child support for an abuse of discretion. *In re Marriage of Shannon*, 20 Kan. App. 2d 460, 462-63, 889 P.2d 152 (1995). Where, as here, the issue requires interpretation and application of the Kansas Child Support Guidelines, our review is unlimited. *In re Marriage of Hoffman*, 28 Kan. App. 2d 156, 158, 12 P.3d 905 (2000), *rev. denied* 270 Kan. 898 (2001).

*Should Child Care Expenses Be Imputed to Custodial Parent When Imputing Income that Cannot Be Earned Absent Child Care?*

The Guidelines allow "[i]ncome [to] be imputed to the custodial parent in appropriate circumstances." See Guidelines, Supreme Court Administrative Order No. 128 § II.E.2 (2003 Kan. Ct. R.

Annot. 102). However, the Guidelines are silent on imputed child care costs. The Guidelines state under the heading of work-related child care costs:

"Actual, reasonable, and necessary child care costs incurred to permit employment or job search of a parent should be added to the support obligation. The monthly figure is the averaged annual amount, including variations for summer. Projected child care expenses should be reduced by the anticipated tax credit for child care or child care reimbursement before an amount is entered on the worksheet, adjusted using Table 1 in Appendix VIII, page 147.

"The court has the discretion to determine whether proposed or actual child care costs are reasonable taking into consideration the income and circumstances of each of the parties." Guidelines, § V.D.5 (2003 Kan. Ct. R. Annot. 109).

Father argues that the Guidelines are specific in allowing *only* "[a]ctual, reasonable, and necessary child care costs incurred to permit employment or job search of a parent" to be considered, and that imputation of fictitious child care expenses, which are neither "actual" nor "incurred," is a deviation from the Guidelines that should not be permitted. Mother argues that the Guidelines do not expressly prohibit consideration of such expenses and that imputation of expenses under these circumstances should be considered a permissible deviation from the Guidelines. We agree.

Although the Guidelines do not specifically address the issue framed by this appeal, Mother argues that they contemplate consideration of "proposed" as well as "actual" child care expenses. We agree with Mother that the Guidelines' language does not restrict the court to consideration of only those child care expenses that are actually incurred, but rather contemplates consideration of "proposed" child care expenses where circumstances warrant, and requires discretionary adjustment for reasonableness.

We conclude that the district court did not err in imputing child care expenses that were a necessary incident to the income imputed to Mother. Where income is imputed to the custodial parent and the generation of such income would necessitate child care expenses, the court may impute such reasonably necessary child care expenses for purposes of determining support obligations of the noncustodial parent. To impute fictitious income without an estimation of the expenses necessary to its generation would defy

common sense and work an injustice to the custodial parent. Obviously, where child care is not necessary to the income imputed, such costs may not be considered whether incurred or estimated. See *In re Marriage of Scott*, 263 Kan. 638, 642, 952 P.2d 1318 (1998). Moreover, only such expenses appropriate for consideration are those required for a child or children for which the parent has legal responsibility. See *In re Marriage of Jones*, 23 Kan. App. 2d 858, 861, 936 P.2d 302 (1997).

Affirmed.