(913 P.2d 221)

No. 72,706

In the Matter of the Marriage of LESA L. AUBUCHON, *Appellant*, and STEPHEN W. AUBUCHON, *Appellee*.

Opinion filed March 22, 1996.

*Keith D. Richey*, of Law Office of Keith D. Richey, of Wichita, for appellant.

*Robert E. Burchfiel*, of Burchfiel & Huelskamp, of Wichita, for appellee.

Before GREEN, P.J., ELLIOTT, J., and PHILIP C. VIEUX, District Judge, assigned.

ELLIOTT, J.: Lesa Aubuchon appeals the trial court's order changing residential custody of their minor children to Stephen Aubuchon and ordering Lesa to pay child support in an amount greater than the guidelines provide.

We affirm in part, reverse in part, and remand with directions.

The facts necessary for our decision are not disputed. In the original divorce decree, the trial court granted joint custody of the parties' two children, with Lesa as the primary residential custodian. The court also divided responsibility for the debts of Lesa and Stephen. Later, Lesa sought permission to move with the children to the state of Washington. Stephen responded with a motion to change custody.

The trial court awarded Stephen custody of the children because of the children's health problems and Lesa's smoking around the children. The trial court then calculated Lesa's child support ob-

ligation to be $242 per month under the guidelines and increased that amount by $100 per month "because [Lesa] has taken bankruptcy and that means that she has no debts or has very few debts." Because Stephen remained personally liable for at least some of the discharged debts, he will end up paying those creditors. At the time, Lesa's income was from unemployment compensation of about $1,075 per month—a figure only slightly above the poverty level according to the child support guidelines. See Kansas Child Support Guidelines, 1995 Kan. Ct. R. Annot. 109.

A trial court may deviate from the presumptive amount under the guidelines only if it makes specific written findings explaining the deviation, and our standard of review is abuse of discretion. *In re Marriage of Schletzbaum*, 15 Kan. App. 2d 504, 505, 507, 809 P.2d 1251 (1991).

In the present case, the trial court did make specific findings for the deviation, but they were geared to Lesa's bankruptcy rather than to any specific consideration of whether the deviation served the best interests of the children. See 1995 Kan. Ct. R. Annot. 83.

In setting child support pursuant to K.S.A. 60-1610(a), a trial court is to consider all relevant factors, including financial resources and needs. Further, one of the child support adjustments listed in the guidelines is a party's overall financial condition. 1995 Kan. Ct. R. Annot. 98. We hold that a person's indebtedness would fall under the category of financial resources and needs and is a part of a party's overall financial condition.

The present case involves a bit more than mere indebtedness, however. Here, some of Lesa's debts were discharged in bankruptcy, and Stephen will most likely end up paying those debts. We have found no Kansas case determining this question, but other courts have held that a bankruptcy discharge may constitute a sufficient change in circumstances to justify a modification of a child support order.

For example, in Minnesota, a court may modify previous support and alimony orders on a showing of a substantial change in circumstances rendering the original order unreasonable and unfair. In *Coakley v. Coakley*, 400 N.W.2d 436 (Minn. App. 1987), the court upheld such a modification where husband's income had increased

and his bankruptcy filing had shifted debt obligations to wife. Accord *Kruse v. Kruse*, 464 N.E.2d 934, 937-38 (Ind. App. 1984); see generally Annot., 87 A.L.R.4th 353.

As a general proposition, then, a trial court may consider a party's bankruptcy filing in setting child support. But any deviation in child support from the guidelines figures must serve the best interests of the children. See 1995 Kan. Ct. R. Annot. 83.

In the present case, the trial court did not make any findings justifying the increased support as being in the best interests of the children. Instead, it appears to us the court was simply devising a method to force Lesa to reimburse Stephen for debts he will probably have to pay as a result of Lesa's bankruptcy. This was error.

Lesa also contends the trial court abused its discretion in changing residential custody because of Lesa's smoking. In effect, Lesa argues that Stephen failed to prove her smoking caused the children's illnesses. Lesa confuses the concepts of harm and causation. The trial court did not find that her smoking *caused* the children's health problems.

Instead, the trial court found that Lesa's smoking had harmed the children. That finding is supported by the testimony of three doctors that secondhand smoke aggravated the children's health problems and placed them at risk for further health problems.

Based on our review of the record, the trial court did not abuse its discretion in finding it to be in the children's best interests to change residential custody.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.