(48 P.3d 1284)

No. 86,535

In the Matter of the Marriage of ANDREA LEE STEVEN, *Appellee*,
and BRADLEY JAMES STEVEN, *Appellant*.

Opinion filed June 28, 2002.

*David N. Johnson*, of Wichita, for appellant.

*William F. Cummings*, of Cummings & Cummings, L.L.C., of Wichita, for appellee.

Before MARQUARDT, P.J., ELLIOTT and GERNON, JJ.

ELLIOTT, J.: In this post-decree divorce action, husband Bradley James Steven appeals the trial court's order finding him in arrears in child support payments.

We affirm.

Bradley and Andrea Lee Steven bore four children. When the parties divorced, they agreed to a divided custody arrangement. Bradley was awarded primary residential custody of the two older children and Andrea was awarded primary residential custody of the two younger children.

Under the child support guidelines, the trial court found the support owed to Bradley to be $824 and the support owed to An-

drea to be $1,346. Offsetting the amounts, the trial court ordered Bradley to pay Andrea $532 per month in child support.

The child support due for each child was ordered to continue until the child reached majority age or until June 30 of the year the child graduated from high school. See K.S.A. 2001 Supp. 60-1610(a).

The two older children reached majority and/or graduated from high school; both of those children were in the primary residential custody of Bradley, who continued to pay Andrea $532 per month in child support. This occurred in 1999 and 2000.

In August 2000, Andrea moved to determine arrearage in child support, contending Bradley failed to pay more in child support once the offsets for the two older children expired. There, Bradley argued that ordering him to pay back child support would be an illegal retroactive increase in child support and that he and Andrea had entered into an agreement that Bradley would undertake additional obligations for all four children in exchange for Andrea not seeking modification of child support.

The trial court found no such agreement existed and found Bradley to be in arrears in his child support obligations.

We need not address the merits of Bradley's argument concerning the oral agreement. The law is clear that parties to a divorce cannot agree to alter the amount of child support to be paid to the parent with primary custody of a child. *In re Marriage of Schoby*, 269 Kan. 114, 117, 4 P.3d 604 (2000). Even if an agreement existed, it was unenforceable.

With respect to Bradley's argument that the trial court impermissibly imposed a retroactive increase in his child support obligation, our review is unlimited. See *In re Marriage of Kasper*, 29 Kan. App. 2d 461, 27 P.3d 950 (2001).

Bradley argues he does not owe any arrearage because Andrea did not file a motion to modify his child support obligation pursuant to K.S.A. 60-1610(a). A parent's child support obligation may be increased or decreased when a material change of circumstances has occurred, but such modification operates only prospectively. See *Schoby*, 269 Kan. 114, Syl. ¶ 1.

In Kansas, there are three events which automatically terminate child support obligations: the child reaches 18 (or until June 30 of the school year during which the child became 18 years of age and graduated from high school); the death of the child; or the death of the payor parent. K.S.A. 60-1610(a); *Schoby*, 269 Kan. at 116; *Kasper*, 29 Kan. App. 2d at 462. If termination of a child support obligation is appropriate for any other reason, the appropriate parent must seek prospective termination pursuant to a motion under K.S.A. 60-1610(a). *Schoby*, 269 Kan. at 116-17.

*Kasper* presents a somewhat similar fact pattern, where there were two children involved. There, as here, the trial court offset the child support obligations. The older child, in primary custody of the father reached majority and the father continued to pay the offset amount of support. The mother filed a motion to determine past-due child support, and the trial court denied the mother's motion. We reversed.

We reversed on the basis that child support automatically stops when the child reaches majority and/or graduates from high school, 29 Kan. App. 2d at 465, noting, however, where there are more than two children involved in a divided custody situation:

"[A]llowing automatic termination of child support in some situations might unnecessarily complicate a divided custody situation where one of the parents has custody of two or more children and one of those children is emancipated at age 18 or, if he or she turns 18 while still in high school, on June 30 after he or she graduates. In that situation, the amount of support for the child or children remaining in the house will change based on the required use of different child support schedules where there is more than one child in the home. However, we are not faced with such a situation today." 29 Kan. App. 2d at 464-65.

The present case presents the issue not reached in *Kasper*, although we there stated:

"Neither the legislature nor the courts have made a specific exception to the automatic termination rule in K.S.A. 2000 Supp. 60-1610(a)(1) where the parties are involved in a divided custody arrangement. In fact, the legislature has indicated the rule applies in all custody situations. K.S.A. 2000 Supp. 60-1610(a)(1) provides the rule is appropriate '[r]egardless of the type of custodial arrangement.'" 29 Kan. App. 2d at 465.

Applying the rule to the instant case, we hold Andrea's obligation to support the two older children automatically terminated when

each child reached majority and/or graduated high school. With respect to Bradley's concern, the situation becomes unduly complicated because three of the four children changed child support guideline brackets. The obvious remedy is a motion under K.S.A. 60-1610(a), alleging a material change of circumstances. See Admin. Order No. 128, VI. (B). (2001 Kan. Ct. R. Annot. 113). Because no such motion was filed here, the only fact that changed on the emancipation of the two older children was Andrea's obligation to support those two older children automatically terminated and there was a lesser amount of child support to offset.

Bradley's child support obligation to Andrea did not change; it remained the same. The trial court, therefore, did not order a retroactive increase in Bradley's child support obligation.

We decline Bradley's invitation to revisit *Kasper* and to modify it or ignore it. Here, there is no contention the trial court incorrectly computed the amount of arrearage; the only argument is that imposing the arrearage was improper. We reject that argument.

Bradley also argues the equitable doctrine of acquiescence, detrimental reliance, waiver, estoppel, and laches bar Andrea from seeking the arrearage. Each of these equitable doctrines is an affirmative defense, which must be pled in the answer. See K.S.A. 2001 Supp. 60-208(c); 60-212(b). Bradley neither pled nor litigated these affirmative defenses in the trial court. He is barred from raising them for the first time on appeal. See *Reebles, Inc. v. Bank of America*, 29 Kan. App. 2d 205, 213, 25 P.3d 871 (2001).

Affirmed.

MARQUARDT, J., dissenting: I respectfully dissent from the majority opinion regarding the retroactive increase in child support. I agree with the majority that the parties cannot modify a court order by agreement among themselves. I also agree with the majority that pursuant to K.S.A. 60-1610(a), child support automatically terminates when certain events arise.

Bradley Steven, Jr., turned 18 years old on November 6, 1998, and finished high school the following May, which would have extended the obligation for his support until June 30, 1999. Brent

Steven turned 18 years old on June 18, 2000, at which time the obligation for his support ended.

According to K.S.A. 60-1610(a), child support terminates when the child reaches 18, if the child has completed high school, or until June 30 of the school year during which the child became 18 years of age and graduated from high school. On August 1, 2000, Andrea filed a motion to determine arrearage in child support, stating that the child support for the two older children had terminated; therefore, Bradley owed back support for the two children residing with her.

It is a simple matter to automatically terminate child support when one parent has the custody of the child or children and the other is paying support. That is not the situation in the instant case. What the trial court did was retroactively increase child support.

The decision reached by the majority is in direct conflict with the holding that child support may be modified at any time circumstances render such a change proper, but the modification operates prospectively only. See *In re Marriage of Schoby*, 269 Kan. 114, 117, 4 P.3d 604 (2000).

The divorce decree in the instant case stated: "Said support shall be paid every month beginning on the 1st day of October, 1997, and continue on the same day each month thereafter until the minor children reach the age of eighteen (18) years of age, unless the minor children are attending high school, in which event child support shall continue until June 30th of that school year." Such a declaration is in conformity with the law; however, it does not deal with the issue of divided custody, nor how the support should be modified. It certainly does not deal with the issue of retroactive modification, which is what Andrea petitioned for in this case.

In *Grunder v. Grunder*, 186 Kan. 766, 770, 352 P.2d 1067 (1960), quoting from *Davis v. Davis*, 145 Kan. 282, 65 P.2d 562 (1937), the court held:

" 'A district court has power to modify or change any previous order with respect to payments for the support, maintenance and education of the minor children of a marriage whenever circumstances render such change proper. The new order, however, cannot increase or decrease amounts past due. It must be made effective from the date of modification and not from the date of the original decree or from

the time of changed circumstances. In other words, the modification must operate prospectively and not retroactively.' "

Admittedly, *Grunder* was not a divided custody case; however, the court has made it clear that there cannot be a retroactive modification. In this instance, where there was a divided custody, the modification should have been made effective from the date of Andrea's motion for modification. Notwithstanding K.S.A. 60-1610(a), there should not have been a retroactive determination of child support in a divided custody case such as this. I would reverse the trial court's ruling.