(208 P.3d 355)
No. 100,327

In the Matter of the Marriage of AMANDA WINSKY, *Appellee*,
and STEVEN WINSKY, *Appellant*.

Opinion filed June 5, 2009.

*Craig E. Cole*, of Garnett, for appellant.

*Monte L. Miller*, of Emporia, for appellee.

Before CAPLINGER, P.J., BUSER, J., and BUKATY, S.J.

BUKATY, J.: Steven and Amanda Winsky are the divorced parents of three children. During the relevant time period, Amanda had residential custody and Steven paid child support. When the oldest child reached 18, Steven obtained an order reducing his support obligation by ⅓. Amanda moved to set aside that order and have support for the remaining minor children calculated according to the Kansas Child Support Guidelines (KCSG). Steven objected but then argued at the same time that he should have benefit of the Multiple-Family Application (MFA) in the KCSG since he had children from a subsequent marriage. The district court sustained Amanda's motion and ordered that support be recalculated under the KCSG but without the MFA as Steven requested. Steven appeals the disallowance of the MFA.

This appeal presents us with the issue of whether Amanda's action in moving to set aside the child support order that reduced Steven's support obligation by ⅓ amounted to her seeking an increase in support that would then allow Steven the advantage of the MFA. We conclude that Amanda had, in essence, sought an increase in support and the district court erred in ruling otherwise and in denying Steven the benefit of the MFA. We reverse and remand.

The parties were granted a divorce on January 2, 2002. Amanda received residential custody of the parties' three minor children: Nicole, born February 2, 1989; Stephanie, born June 25, 1991; and Brandon, born June 1, 1997. Steven was ordered to pay Amanda $816 per month in child support through an income withholding

order. Steven has two additional children from a subsequent marriage.

On December 6, 2007, Steven filed a motion in the district court requesting that child support be reduced because Nicole had turned 18 years old and had graduated from high school. Relying on *Brady v. Brady*, 225 Kan. 485, 491, 592 P.2d 865 (1979), he asked that the support order and, of course, his income withholding order be reduced by ⅓ to $544 per month beginning July 1, 2007. The district court signed a journal entry that granted Steven's request on December 12, 2007. The journal entry reflects that Amanda did not appear at the proceeding. Amanda moved to set aside this order a few days later. She claimed she had not been given notice of a hearing on the motion to reduce and Steven had not advised her he was going to court on the matter even though their attorneys had spoken on the phone the same day.

The district court held a hearing on Amanda's motion. She argued she was not given notice of the previous hearing in violation of due process and that the child support was improperly calculated. Specifically, she claimed the court should not have given Steven a simple ⅓ reduction in support, but should have calculated support for the remaining two minor children under the KCSG. Significantly, she acknowledged that use of the KCSG would result in a higher pro rata amount of support per child. As to the MFA requested by Steven, she argued she was not actually requesting an increase and the MFA did not apply.

In response, Steven argued that child support automatically ceases when a child becomes emancipated and that a parent paying support for that child may simply deduct a proportionate share of support at that time without going to court. Because of this, he claimed that notice of the hearing was unnecessary and, because support for Nicole automatically ended at her emancipation, he overpaid support for the months of July through December 2007. He stated that even though it was not necessary, he sent Amanda a copy of his motion. He further argued before the district court that in order for that court to recalculate support under the KCSG, Nicole needed to have first filed a motion to increase child support under K.S.A. 2008 Supp. 60-1610(a).

When an increase in support is sought by a parent with primary residency, the MFA may be used by the opposing parent. See KCSG § III.B.6. (2008 Kan. Ct. R. Annot. 116). Steven argued to the district court that if Amanda believed the proportional method of *Brady* was unfair, she should have filed a motion to increase support, thus entitling him to use the MFA.

The district court agreed with Steven in part by ruling that *Brady* was "still good law" in that support for a child automatically ceases when that child reaches age 18, that any payments thereafter made on behalf of that child are overpayments applied against the future support order or returned to the payor, that Steven should have a credit for payments made on behalf of Nicole after July 1, 2007, and that Steven did not violate due process by failing to notify Amanda of the hearing since support automatically ceased.

The district court then agreed with Amanda in part by ruling that the new support order for the two remaining minor children be calculated under the KCSG as of July 1, 2007, rather than simply reduced by ⅓ from what it was for three children. It also agreed with her in ruling that Steven could not use the MFA because Amanda did not file a motion to increase support.

We note in passing that Steven argues somewhat inconsistently. He first argues the district court did not have jurisdiction to order the parties to recalculate child support under the guidelines because Amanda did not file a motion to increase support. Then later in his brief he indicates Amanda is entitled to receive the benefit from the increases in his income and the ages of the children that the KCSG would provide but only after the MFA is applied.

In any event, the jurisdiction argument lacks merit. After Steven filed the motion and order reducing his support order by ⅓, Amanda responded by filing a motion to set aside that order. Then at the hearing on her motion, Amanda's counsel argued that the reason it should be set aside was that the reduction was an improper pro rata reduction instead of a recalculation under the guidelines. The motion stated that Steven was not entitled to the MFA. The district court then merely addressed the issues the parties brought before it, namely, what support should Steven pay in support of his two younger children. It is difficult to conclude that

the court lacked jurisdiction to do so. There is no question that K.S.A. 2008 Supp. 60-1610(a)(1) provides the district court with jurisdiction to modify issues dealing with support of minor children. *In re Marriage of Patterson*, 22 Kan. App. 2d 522, 531, 920 P.2d 450 (1996). Additionally, Steven offers no authority for his challenge to jurisdiction.

We now address Steven's primary argument. He argues that *Brady* is "good law" that has been applied even after the enactment of the KCSG. 225 Kan. at 491. He reasons from this that Amanda's request to the court to recalculate support under the KCSG amounted to a request for an increase in support which now entitles him to use the MFA.

We review an order of the district court determining the amount of child support for an abuse of discretion. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the district court. *Patterson*, 22 Kan. App. 2d at 526. The interpretation and application of the KCSG is subject to unlimited review. *In re Marriage of VanderVoort*, 39 Kan. App. 2d 724, 185 P.3d 289 (2008).

We agree with Steven that *Brady* is still good law to the extent that an order to pay support for a child automatically ceases when that child reaches 18. However, subsequent cases have modified the holding in *Brady* that support for the remaining children be reduced proportionately. In *VanderVoort*, this court, while approving *Brady*'s holding that child support automatically ceases, also rejected proportionate recalculation and instead applied the KCSG in determining support for the remaining children. 39 Kan. App. 2d at 730-32. Although the court in *In re Marriage of Burton*, 29 Kan. App. 2d 449, 450, 452, 28 P.3d 427 (2001), suggests that *Brady* still permits use of the proportional method, that method was not applied or at issue in that case. Likewise, other cases that have approved the first part of the *Brady* rule have not applied the proportional method to recalculate support for the remaining minor children. See *In re Marriage of Steven*, 30 Kan. App. 2d 794, 796, 48 P.3d 1284 (2002); *In re Marriage of Kasper*, 29 Kan. App. 2d 461, 464, 27 P.3d 950 (2001). In fact, the *Kasper* court affir-

matively promoted the application of the KCSG after an emancipation, stating: "In that situation, the amount of support for the child or children remaining in the house will change based on the required use of different child support schedules where there is more than one child in the home." 29 Kan. App. 2d at 465.

Based on the above, the district court here properly rejected the proportional method and ordered that the parties recalculate support under the KCSG after the oldest child reached 18. Steven does not appear to seriously contest this on appeal. Rather, his more fundamental point is that because Amanda disagreed with the proportional recalculation and requested that the court apply the KCSG, she essentially requested an increase in support, which allows him to use the MFA.

Whether or not Amanda sought an increase in support is significant because, as we alluded to earlier, § III.B.6. of the KCSG provides in relevant part: "The [MFA] may be used only by a parent not having primary residency when establishing an original order of child support *or an increase in support is sought by the parent having primary residency.*" (Emphasis added.)

We agree with Steven that, in essence, Amanda sought an increase in support in moving to set aside the order that reduced his support after emancipation of the oldest child. Steven, therefore, is entitled to the benefit of the MFA.

In reaching this conclusion, we have considered several factors.

We first note that the language of the relevant portion of the KCSG does not require that the custodial parent actually file a motion seeking an increase in support before the other parent is entitled to the MFA. It only requires that "an increase in support is sought by the parent having primary residency." KCSG § III.B.6. Therefore, contrary to Amanda's argument, the fact she did not file a specific motion to increase is not relevant. Amanda's affirmative action in filing the motion to set aside the order obtained by Steven and then urging the use of the KCSG demonstrates she essentially sought an increase in support even though she did not technically file a motion requesting such. To allow Steven the benefit of the MFA here does not allow him to use it as a sword, as

Amanda argues, but only as a shield to Amanda's pursuit of an increase in child support.

We digress at this point to mention that the parties have not calculated the new support obligation under the guidelines either with or without the MFA. By virtue of their positions, however, the parties obviously assume that a calculation under the KCSG will result in a higher amount of support for the remaining two minor children than the $544 that resulted from a pro rata reduction from three children down to two. Amanda's counsel acknowledged this in his argument before the district court. The parties also appear to assume the use of the MFA will result in a significant reduction in child support from what it would be without its use.

Returning to the other factors that weigh in favor of our decision, we next note that prior decisions of this court have rather liberally construed in favor of the noncustodial parent the language of the KCSG stating that a custodial parent must first seek an increase in support before the MFA is applied. In *State ex rel. Secretary of SRS v. Huffman*, 22 Kan. App. 2d 577, 578, 920 P.2d 965 (1996), SRS filed a paternity and child support action alleging that Huffman was the father of a 9-year-old child. The district court ordered Huffman to pay support but allowed him to use the MFA because he had other children at that time. On appeal, the appellate court affirmed holding that the requirement that the custodial parent seek an increase in support does not apply when the case involves the establishment of an initial order. 22 Kan. App. 2d at 580-81. The KCSG have been amended since that decision to specifically allow use of the MFA in that situation, but that does not diminish the fact this court liberally construed the guidelines provision in favor of the use of the MFA before the section was amended. See also *In re Marriage of Benoit*, 26 Kan. App. 2d 659, 662-63, 992 P.2d 1259 (1999) (held if MFA was previously applied, court can continue to apply it even though the custodial parent did not seek an increase in support and it was the noncustodial parent who brought the parties before the court by filing a motion to reduce support).

Next, we agree with Steven that the district court's ruling resulted in his being treated unfairly different from a noncustodial

parent in the same circumstances but who was not paying support through an income withholding order. Steven's support obligation for the oldest child ceased automatically when she turned 18, and he did not have to go to court for that to occur. Yet, under the language of K.S.A. 23-4,111(a), Steven did have to file a motion to modify the income withholding order to conform to the new underlying support obligation. Because of this, Amanda, without filing a motion that specifically asked for an increase, was able to obtain an increase in support by moving to set aside the proportional reduction order Steven had obtained. Had there been no income order in place and Steven had simply reduced his support by ⅓, Amanda would have had to file a motion to increase in order to challenge Steven's proportional reduction. Because she did not have to do this, Steven has been prevented from using the Multiple-Family Application under the district court's ruling even though Amanda apparently has or will obtain an increase in support. This disparate treatment cannot be a result contemplated by the KCSG.

The district court correctly determined that after the oldest child reached 18, child support for the two remaining minor children should be recalculated under the KCSG. However, upon consideration of the particular facts present here along with the case authorities above, we conclude the district court interpreted and applied the KCSG incorrectly in denying Steven the benefit of the MFA.

Reversed and remanded for recalculation of child support under the KCSG with the use of the MFA.

Affirmed in part, reversed in part, and remanded with directions.