(176 P.3d 242)
No. 98,125

IN THE MATTER OF THE PARENTAGE OF JOSHUA F. BROWN.

Opinion filed February 15, 2008.

*Gene F. Anderson*, of Anderson & Wichman, of Hays, for appellant natural father.

*Todd R. Stramel*, of Stramel Law Firm, P.A., of Colby, for appellee natural mother.

Before GREENE, P.J., MCANANY and BUSER, JJ.

MCANANY, J.: By this appeal, Frank Brown seeks a determination that the district court abused its discretion in calculating the long-distance parenting time adjustment used to calculate his child support obligation for his son, Joshua.

Joshua was born in 1996. Brown acknowledged paternity of Joshua in 1997. In 1998, the district court ordered Brown to pay child support of $162 per month.

Brown lives in New Jersey where he works as a teacher and coach. His total income is $56,207. Joshua lives with his mother, Kasandra Finley, in Colby. Finley works two part-time jobs from which she earns a total of $10,712 per year. In July 2005, Finley moved to modify child support.

From 2001 through most of 2006, Brown made 19 trips to visit Joshua. In the course of those trips he spent money for airfare to Kansas City, for car rentals and gasoline to drive from the airport in Kansas City, for airport parking, and for motels. Based only on the incomes of the parties, the Kansas Child Support Guidelines (Guidelines) support would be over $500. Brown contended that considering his debt load and visitation expenses, paying $550 in child support would create a hardship and would "probably slow [him] down from coming to see [Joshua]." Brown requested a reduction of $250 to $300 for long-distance parenting time costs. Finley contended that a reduction of even $50 per month would pose a financial hardship for her. She proposed that Brown be ordered to pay child support of $542 per month with no adjustment for long-distance parenting time costs.

Through mediation the parents agreed to a minimum of four times per year for Brown's parenting time with Joshua and resolved other disputed issues. There still remained, however, the amount Brown should be credited against his child support obligation for his long-distance parenting time costs.

At the hearing on November 16, 2006, the district court determined that Brown incurred an average of $579 for each trip to Kansas to see his son, or a total of $2,316 for four trips per year. On January 25, 2007, the journal entry and the child support worksheet adopted by the court were filed. Brown's child support obligation was determined to be $524 per month, based on a monthly support obligation of $537 less an $18 credit for long-distance parenting time costs, plus a $5 child support enforcement fee.

Brown appeals, claiming the $18 monthly credit for long-distance parenting time costs is inadequate. He does not challenge

the district court's determination that his average cost per trip is $579.

We review the district court's determination of the amount of child support using the abuse of discretion standard. Whether the district court correctly interpreted and applied the Guidelines is subject to unlimited review. *In re Marriage of Cox*, 36 Kan. App. 2d 550, 553, 143 P.3d 677 (2006).

### Invited Error

As a threshold issue, Finley argues that Brown is precluded from appealing the $18 adjustment because he consented to it by approving the journal entry that was submitted to the district court. We do not think so.

It is true that a party may not invite error and then complain of that error on appeal. See *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 296, 64 P.3d 357 (2003). Here, Brown did not invite the court to err. He did not propose the $18 adjustment he now criticizes. In making its ruling the district court recited the travel expenses from the evidence and the court's calculations by which it derived an annual travel expense of $2,316. Based upon those calculations, the court computed Brown's monthly travel adjustment to be $18. The court went on to discuss other possible adjustments, including an adjustment for Joshua's income tax exemption. Finley points to the court's comments that "you might want to double-check my figures" and that the court did not yet have a final figure. The court seems to have fixed on this $18 adjustment based on the application of its interpretation of the Guidelines to the evidence of Brown's travel expenses. It appears that the court was simply inviting the parties to check its arithmetic in calculating the adjustment. The $18 adjustment in the journal entry came from the court, not Brown.

### Adjustment Calculation

In its ruling, the district judge stated:

"The mediated agreement indicates that he's going to make four trips a year. That would be 579 dollars a trip times four trips would be 2,316 dollars. Then the Kansas Child Support Guidelines say that the child support adjustment for each parent should be the percentage of child support payable by that parent

identical to the percentage of the parent's gross income represented by the travel expenses. So the 2,316 dollars would represent 3.3 percent of Mr. Brown's gross income. He therefore, according to the guidelines as I read them, and I'll give you both a chance to look at them, but he would be entitled to a long distance visitation adjustment of 3.3 percent of 579 dollars, or an 18 dollar a month adjustment. . . . I am required to follow the guidelines."

The district court was correct in its observation that it is required to follow the Guidelines. Failure to follow the Guidelines is reversible error, and any deviation from the Guidelines must be justified by written findings in the journal entry. *In re Marriage of Schwien*, 17 Kan. App. 2d 498, 511, 839 P.2d 541 (1992). However, here, the district court's calculation of Brown's child support adjustment was guided by the notion that the cost of long-distance travel must be adjusted based upon the ratio that the travel expenses bear to Brown's gross income. We find no support for such a requirement in the Guidelines. The Guidelines simply say:

"Any substantial and reasonable long-distance transportation/communication costs directly associated with parenting time shall be considered by the court. The amount allowed, if any, should be entered on Line E.1." Guidelines § IV.E.1. (2007 Kan. Ct. R. Annot. 121).

In *In re Marriage of McPheter*, 15 Kan. App. 2d 47, 50, 803 P.2d 207 (1990), this court articulated the following four factors that should be considered when determining a long-distance travel adjustment: (1) which party moved away, thereby causing the expense; (2) the reasonableness of the expenditure; (3) the amount of the expense; and (4) the other relevant factors, which relate to whether the parties should be given a credit or share in the expenses. The district court noted its obligation to consider factor (1) described in *McPheter* but did not make any specific finding in this regard, though Finley's counsel argued that "he lives in New Jersey, which he moved [to] from going to school in Hays . . . which I guess was his choice." The district court made specific findings with respect to Brown's long distance travel expenses and found them to be reasonable, thus satisfying factors (2) and (3). The district court discussed other factors involving Brown's parenting time with, and financial support for, his son which could fall within the purview of *McPheter* factor (4). However, the district court's ap-

plication of the ratio of Brown's travel expenses to his gross income in order to arrive at a reduced value for Brown's reasonable travel expenses is supported neither by the Guidelines nor the case law. Thus, in calculating this child support adjustment the district court applied the wrong legal standard and thereby abused its discretion in establishing this child support adjustment.

Finally, we note in passing that even if the law permitted the use of such a ratio in calculating this child support adjustment, the court's application of the ratio was faulty. First, the travel expenses represent 4.12 percent of Brown's gross income of $56,207, not 3.3 percent as determined by the court. Second, 3.3 percent of $56,207 is not $18. Third, the court's adjustment was based on the erroneous proposition that Brown incurred $579 in travel expenses every month. The parties anticipated that at least at the outset of the agreement, Brown's parenting time with Joshua would occur only about four times a year, and the court noted this fact in its findings.

The district court overlooked making a specific finding with respect to factor (1) in *McPheter*. Further, the district court erred in interpreting the Guidelines to call for the application of a travel expense/gross income ratio to the absent parent's reasonable long-distance travel expenses. This error caused the court to apply the wrong legal standard in calculating the travel adjustment. Failure to properly consider the appropriate legal standard constitutes an abuse of the court's discretion in setting the travel adjustment. See *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006). Accordingly, we must reverse the district court's determination of this travel adjustment and remand for further proceedings.

Reversed and remanded with directions.