(246 P.3d 404)

No. 102,767 [1]

IN THE MATTER OF THE MARRIAGE OF NICHOLE HALL, n/k/a LICHLYTER, *Appellee*, and RONALD D. HALL, JR., *Appellee*. ANDREA LEFFEW, maternal grandmother of Seth Hall, a minor child, *Appellant*.

---

[1] **REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2009 Kan. Ct. R. Annot. 54). The published version was filed with the Clerk of the Appellate Courts on December 7, 2010.

2

Opinion filed September 3, 2010.

*Jennifer A. Wagle*, of Floodman, Wagle & West, of Wichita, for appellant Andrea Leffew.

*Keith E. Martin*, of Smith, Shay, Farmer & Wetta, LLC, of Wichita, for appellee Nichole Lichlyter.

Before STANDRIDGE, P.J., GREEN and HILL, JJ.

STANDRIDGE, J.: Andrea Leffew appeals from the district court's order modifying grandparent visitation. For the reasons stated below, we affirm.

## FACTS

Seth Hall was born August 3, 2001, and is the minor child of Nichole Lichlyter and Ronald D. Hall, Jr. Nichole filed for divorce in February 2005. On January 7, 2007, Andrea Leffew, Seth's maternal grandmother, filed a motion to intervene and to establish grandparent visitation. The district court granted the motion for grandparent visitation and ordered a grandparent visitation schedule. Andrea received visitation on the first Friday of each month beginning at 4 p.m. through Saturday at 6 p.m. and every other Tuesday from the end of school until 6:30 p.m. Andrea also was awarded one full weekend a year with Seth. As part of an agreement between Andrea and Ronald, Andrea's visitation was to come exclusively from Nichole's parenting time.

A conflict arose in June 2008 when Father's Day fell on one of Andrea's weekends with Seth. Andrea demanded that she be allowed a make-up weekend on June 27, 2008, the first weekend after Father's Day that Nichole had Seth. Nichole refused to allow Andrea the make-up weekend. On July 2, 2008, Andrea filed a motion to award visitation time withheld by Nichole. Following Andrea's motion, the district court referred the matter to a process known as Limited Case Management. The Limited Case Manager assigned to the case ultimately made a variety of recommendations,

among them that Andrea should have make-up grandparent visitation.

Nichole filed a motion to modify Andrea's visitation on August 25, 2008. The district court held hearings on January 7, 2009, and May 21, 2009, with regard to all pending motions. The pretrial order set forth the following individuals as witnesses Andrea intended to present at the hearing: Darrell Leffew, Douglass Cranmer, David Johnson, Daniel Hale, Gregory Boxberger, as well as Nichole, Ronald, and herself.

During the hearing, Nichole and Ronald testified on Nichole's behalf, and Andrea and Darrell testified on behalf of Andrea. Following the hearing, the district court modified Andrea's visitation schedule by awarding Friday to Saturday visits only in those months in which there are five Saturdays. Although the court did not make any changes to the previous order awarding visitation to Andrea every other Tuesday and one full weekend during the summer, the modified order required that Andrea allow Seth to participate in activities Nichole and Ronald enrolled him in, regardless of whether such activities conflicted with Andrea's scheduled time.

After the modified order was issued, Andrea filed a motion to reconsider arguing the court erred in allowing Ronald to testify, the court improperly disregarded the recommendation made by the Limited Case Manager, and the court considered evidence that already had been adjudicated. In response, the district court partially modified its order on an issue unrelated to this appeal but denied the motion with regard to the modified visitation schedule.

## ANALYSIS

On appeal, Andrea presents the same points of error that she did in her motion to reconsider before the district court: (1) The district court erred in allowing Ronald to testify; (2) the district court erred in failing to adopt the recommendation of the Limited Case Manager; and (3) the district court erred by considering issues that previously had been adjudicated.

"When reviewing a [district] court's child custody determination, an appellate court utilizes an abuse of discretion standard." *In re Marriage of Jennings*, 30 Kan. App. 2d 860, 862, 50 P.3d 506, *rev.*

*denied* 274 Kan. 1112 (2002). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the [district] court, then it cannot be said that the [district] court abused its discretion." *Schuck v. Rural Telephone Service Co.*, 286 Kan. 19, 24, 180 P.3d 571 (2008).

*Ronald's Testimony*

In her first point of error, Andrea asserts the district court abused its discretion in permitting Ronald to testify on behalf of Nichole because Ronald was not listed as a witness for Nichole in the pretrial order. Notwithstanding her assertion on appeal, Andrea failed to object when Ronald actually did testify on behalf of Nichole at the hearing. Generally, "a party must lodge a timely and specific objection to the admission or exclusion of evidence in order to preserve the evidentiary question for review." *State v. King*, 288 Kan. 333, 348, 204 P.3d 585 (2009); see K.S.A. 60-404. For this reason, we are procedurally barred from reviewing the merits of this first issue.

*Recommendation of the Limited Case Manager*

The Limited Case Manager recommended that the district court · keep the grandparent visitation schedule currently in place. Upon consideration of the recommendation, the district court declined to adopt it. In so doing, the court stated that at the time the recommendation was made, the Limited Case Manager did not have the benefit of hearing sworn testimony from various witnesses, including Andrea, that readily established the current visitation unreasonable and contrary to Seth's best interests.

In her second point of error, Andrea asserts the district court erred in failing to adopt the recommendation of the Limited Case Manager. More specifically, Andrea relies on K.S.A. 23-1003(d) to argue that the district court was required to adopt the recommendation of the Limited Case Manager because Nichole (who had the burden of proof as the party challenging the recommendation) failed to affirmatively demonstrate that the Limited Case Manager's recommendation was erroneous or inappropriate.

Andrea's reliance on K.S.A. 23-1003(d)—a statute that sets forth the duties of a statutorily appointed Case Manager—is misplaced. This is because the district court did not refer the matter to Case Management pursuant to K.S.A. 23-1001 *et seq*. Instead, the district court referred the matter to *Limited* Case Management, a process created and governed not by state statute but by Sedgwick County local rules. See Eighteenth Judicial District Court Rule 424. Practitioners have referred to the Limited Case Management process adopted by Sedgwick County as "a hybrid between mediation and case management." Johnson, *ADR Process in Kansas Child Custody Cases*, 75 J.K.B.A. 16, p. 16 (Sept. 2006).

Relevant to the point of error alleged here, the Case Management process differs significantly from the Limited Case Management process. In the Case Management process, the Case Manager's recommendation is submitted as a proposed journal entry. K.S.A. 23-1003(d)(5). Once the recommendation is submitted, the parties are required to follow the recommendation until further order of the court. K.S.A. 23-1003(d)(1). If a party disagrees with the Case Manager's recommendation as set forth in the proposed journal entry, such party may file a motion challenging the recommendation; the Case Manager thereafter must explain to the court either by report or testimony the reasons for such recommendation. K.S.A. 23-1003(d)(6). At this point, the burden is on the party challenging the recommendation to establish that the Case Manager's recommendation is erroneous or inappropriate. See *In re Marriage of Gordon-Hanks*, 27 Kan. App. 2d 987, 995, 10 P.3d 42, *rev. denied* 270 Kan. 898 (2000).

In the Limited Case Management process, however, the parties are not required to follow the recommendation of the Limited Case Manager at the time it is submitted. In fact, local rule provides that such recommendation cannot become the order of the court until one of the parties files and then prevails on a motion to adopt the recommendation.

As previously stated, the district court referred this matter not to Case Management but to Limited Case Management. As such, the Limited Case Manager's recommendation did not become the order of the court upon submission; Nichole was not required to

file a motion challenging the recommendation in order to keep the recommendation from becoming the order of the court; and Nichole did not bear the burden of establishing that the Limited Case Manager's recommendation was erroneous or inappropriate in order for the district court to reject the recommendation of the Limited Case Manager. Instead, Sedgwick County local rule required Andrea—as the party who wanted the district court to adopt the Limited Case Manager's recommendation—to file a motion with the district court requesting adoption of the recommendation. Significantly, no such motion was ever filed.

Based on the facts set forth above, we conclude the district court did not abuse its discretion in failing to adopt the recommendation of the Limited Case Manager.

*Previous Litigation*

In its ruling, the district court discussed an allegation of child abuse made by Andrea against Nichole in 2007. Noting that the Kansas Department of Social and Rehabilitation Services declined to investigate the allegation at the time the allegation was made and that the court was presented with no credible evidence of the abuse alleged, the court expressed concern about Andrea's motive in making the allegation.

As she did in her motion for reconsideration filed with the district court, Andrea argues on appeal that the district court erred by considering the allegation of abuse in deciding whether to modify grandparent visitation. More specifically, Andrea argues the court was procedurally barred from reconsidering the abuse allegations in conjunction with the motion to modify because the allegations were previously raised, assessed, and resolved in a prior court order issued in conjunction with Andrea's original motion to establish grandparent visitation. For the reasons stated below, we are not persuaded by Andrea's argument.

First, the district court affirmatively stated in ruling on Andrea's motion for reconsideration that it did not consider the circumstances surrounding Andrea's allegation of abuse in deciding whether to modify grandparent visitation. We find no reason to question the district court's statement in this regard, especially

since the district court's ruling was based upon conduct that occurred *after* the 2007 hearing at which the allegations of abuse were raised: Andrea's refusal to talk on the phone, Andrea's refusal to allow Seth to attend a school honor roll banquet and a boy scout banquet, Andrea's refusal to allow Seth to enroll in basketball, Andrea's decision to tell Seth that aliens are the origin of human life, Andrea's decision to allow Seth to eat too much candy, and Andrea's decision to buy Seth an excessive number of gifts and not allow him to take those gifts to his home. We are persuaded that the district court's reference to allegations of abuse were included in its ruling for purposes of factual background only and were not considered by the district court in deciding whether to modify grandparent visitation.

Second, at no time during the hearing did Andrea lodge an objection to the introduction of evidence regarding the allegations of abuse. "[A] party must lodge a timely and specific objection to the admission or exclusion of evidence in order to preserve the evidentiary question for review." *King*, 288 Kan. at 348; see K.S.A. 60-404.

For the reasons set forth above, we affirm the district court's order modifying grandparent visitation.