NOT DESIGNATED FOR PUBLICATION

No. 111,808

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
COURTNEY L. SCHMEIDLER,
*Appellee*,

and

BRIAN D. SCHMEIDLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; EDWARD E. BOUKER, judge. Opinion filed September 25, 2015. Affirmed.

*Michael N. Flesher*, of Hays, for appellant.

*John T. Bird* and *Todd Powell*, of Glassman, Bird, Brown & Powell LLP, of Hays, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Less than 5 months after the Ellis County District Court granted Courtney and Brian Schmeidler a divorce, Courtney filed a motion to modify child support. In response, Brian also requested a child support modification. Following a hearing, the district court increased the amount of child support owed by Brian. In this appeal, Brian contends that the district court's decision improperly modified the parties' property settlement agreement and that the district court abused its discretion in modifying his child support obligation. For the reasons stated in this opinion, we affirm.

1

FACTS

Courtney and Brian were married on September 11, 1993. During the marriage, they had five children. On June 2, 2011, Courtney filed a petition for divorce. At that time, four of the children were still minors.

The district court held a 1-day trial on January 31, 2013. At the conclusion of the hearing, the district court ruled on child custody but took the issues of property division and child support under advisement. The following day, the parties reached an agreement regarding the division of their property.

On April 1, 2013, the district court filed its journal entry of divorce. The property settlement agreement—which was attached to the journal entry—was adopted by the court. Brian was awarded, among other things, the marital home, oil and gas royalty interests, and farming properties subject to any mortgages or liens on the property granted to him. Brian was also awarded farming equipment, cattle, and crops. Courtney was awarded one vehicle, a bank account, and a portion of the parties' retirement accounts.

As part of the property settlement agreement, Brian agreed to make an equalization payment of $395,000 to Courtney payable over 15 years. The parties waived any claims for maintenance, but the district court ordered Brian to pay $1,055 per month in child support. The child support worksheet accompanying the journal entry shows Brian's annual income was $47,808 and Courtney's was $23,615. Neither party appealed from the journal entry.

On August 26, 2013, Courtney filed a motion to modify child support. She claimed that changes in the youngest child's expenses and in the parties' incomes constituted a material change of circumstances. On September 11, 2013, Brian responded to Courtney's motion and also requested modification of his child support obligation.

2

On November 14, 2013, the district court held a hearing. Following the hearing, the district court decided to increase Brian's child support obligation. In its journal entry filed January 23, 2014, the district court determined that certain farming losses Brian claimed on his income tax returns should not be deducted from his income for purposes of determining child support. The district court also determined that depletion of oil income should not be deducted from Brian's income for child support calculations. Accordingly, the district found Brian's gross annual income to be $139,408, and the parties agreed that Courtney's gross annual income was $29,385. Thus, the district court ordered Brian to pay $2,054 per month in child support in a supplemental journal entry filed the same day as the journal entry.

On January 21, 2014, after the district court had announced its decision but before it filed the supplemental journal entry, Brian filed a motion for a new trial. Following a hearing held on March 24, 2014, the district court denied Brian's motion. A journal entry was filed on April 11, 2014, and Brian timely filed a notice of appeal.

ANALYSIS

*Property Settlement Agreement*

On appeal, Brian contends that the district court improperly modified the parties' property settlement agreement when it modified his child support obligation. Accordingly, Brian asks this court to "remand the case to the District Court with an order to dedicate oil income, ranch income, and associated tax benefits to payment of equalization judgment and marital debt and re-calculate child support using only the parent's [*sic*] combined wages." Courtney disagrees and asks this court to affirm the district court's order modifying child support.

3

Initially, we note that this court does not have to consider Brian's contention regarding improper modification of the property settlement agreement because it is being asserted for the first time on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011) (stating the general rule that issues not raised before the district court cannot be raised on appeal). Although Brian contends in his brief that this issue was raised below, we have examined the record and cannot find that it was ever argued to the district court that the modification of child support constituted an improper modification of the parties' property settlement agreement. Nevertheless, even if this issue was asserted to the district court, we find that Brian would not be entitled to relief.

K.S.A. 2014 Supp. 23-2712 pertains to separation agreements incorporated into divorce decrees if they are found to be valid, just, and equitable. As a general rule, issues settled in a separation agreement—often called property settlement agreements—that is incorporated into a divorce decree are not subject to subsequent modification except as provided for in the agreement or as mutually agreed to by the parties. See *In re Marriage of Hedrick*, 21 Kan. App. 2d 964, 967, 911 P.2d 192 (1996); K.S.A. 2014 Supp. 23-2712(b). Further, the district court has authority to "modify any prior child support order . . . within three years of the date of the original order . . . when a material change in circumstances is shown . . . ." K.S.A. 2014 Supp. 23-3005(a).

Here, the issue of whether there was a material change in circumstances has not been presented to us to consider. Rather, Brian argues that the district court improperly modified the property settlement agreement when it modified child support because it looked to sources of income dedicated to the equalization payment and used them to recalculate child support. However, Brian does not support this argument with any authority. See *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) (stating that failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue).

4

Moreover, the two cases he relies on as being factually similar are appeals involving the issue of whether the division of property was fair, just, and equitable. See *Reich v. Reich*, 235 Kan. 339, 680 P.2d 545 (1984) (direct appeal from a district court order dividing property; no property settlement agreement involved); *Bohl v. Bohl*, 232 Kan. 557, 657 P.2d 1106 (1983) (same). Hence, they do not support his position in this case.

The district court's decision to modify child support is the only decision properly before us on appeal. Based on our review of the record and the applicable law, we conclude that the district court did not improperly modify the parties' settlement agreement. Accordingly, we will now turn to Brian's next issue.

*Child Support Modification*

Brian also contends that the district court abused its discretion when setting the amount of child support. We review a district court's order determining the amount of child support—as well as whether there has been a material change in circumstances—under an abuse of discretion standard. See *In re Marriage of Schoby*, 269 Kan. 114, 120-21, 4 P.3d 604 (2000). Judicial discretion is abused if the judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

Although the modification of child support came only a few months after the divorce, the issue of whether there had actually been a material change of circumstances has not been raised on appeal. Furthermore, although it is unclear from the record how Courtney's income was determined, the parties stipulated that it was $29,385. The parties also agreed about the change in expenses for their youngest child. Accordingly, the only issue the district court had to decide was Brian's income.

5

On appeal, Brian argues that the recalculation of child support was based on the same information that had been presented to the district court on January 31, 2013. Brian contends that "Courtney's arguments successfully diverted the Court's attention away from the distressing financial situation which was present to the Court on January 31st 2014." Additionally, Brian argues that the equalization payments should constitute income for Courtney under Section II.D. of the Child Support Guidelines. (2014 Kan. Ct. Annot. 128). According to Brian, the district court "failed to consider the precarious financial issues confronted by Courtney and Brian as they negotiated the property settlement." Brian argues that "the property settlement and equalization judgment demonstrates a compelling reason for adjustment to the Line D.9 presumptive obligation amount."

Once again, none of these issues were raised before the district court. Before the district court, Brian simply argued that the farm losses should be deducted from his income and the oil and gas royalties should not be included as part of his income. Issues not raised before the trial court cannot be raised on appeal. See *Wolfe Electric, Inc.*, 293 Kan. at 403. Likewise, Brian fails to explain why we should consider these arguments despite his failure to raise them below. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (cautioning litigants to comply with Supreme Court Rule 6.02[a][5] [2013 Kan. Ct. R. Annot. 39] by explaining why an issue that was not raised below should be considered for the first time on appeal and stating that failure to comply with this rule risks a ruling that will be waived and abandoned for being improperly briefed).

The only arguments Brian raised below were in his motion for a new trial, where he argued that his income from the royalty interest should not be used in calculating child support because he was still making payments to Courtney for an equalization judgment that included the property from which the royalty income came. He also argued that he should be able to deduct farming losses from his income before calculating child support. Brian does not argue either of these points on appeal.

6

Regarding the oil royalties, Brian agreed to make the equalization payment for marital assets he was allowed to keep, including the income-producing oil royalties. Domestic gross income includes "'every conceivable form of income, whether it be in the form of earnings, royalties, bonuses, dividends, interest, maintenance, rent, or whatever.'" *In re Marriage of McPheter*, 15 Kan. App. 2d 47, 48, 803 P.3d 207 (1990) (quoting 2 Elrod, Kansas Family Law Handbook § 14.024, p. 14-11 [rev. 1990]). Even questionable income should be included in a child support calculation if the parties relied on it before the divorce. 15 Kan. App. 2d at 49-50; *In re Marriage of Case*, 19 Kan. App. 2d 883, 892, 879 P.2d 632 (1994). The oil royalty was income of the parties before the divorce.

Regarding farming losses, the district court determined that although expenses are deductible if they were necessary for the production of income, Brian admitted that he was not receiving income from the farm and would not for several years. So the expenses were not necessary for the production of income—there was no income. Under the circumstances, we find the district court's handling of the farming losses—as well as its handling of the oil and gas royalties—to be reasonable.

We conclude, therefore, that the district court did not abuse its discretion in modifying child support.

Affirmed.