NOT DESIGNATED FOR PUBLICATION

No. 113,355

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Paternity of
ADELINE JADE LANK, a Minor Child, by and Through the Natural Mother and Next
Friend, LESA LANK,
*Appellee*,

and

PANTALEON FLOREZ, JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 26, 2016.
Affirmed in part and reversed in part.

*Pantaleon Florez, Jr.*, of Topeka, appellant pro se.

*Elaine Reddick*, of Reddick Law Office, of Wichita, for appellee.

Before HILL, P.J., McANANY and ARNOLD-BURGER, JJ.

*Per Curiam*:  This is the fourth appeal brought by Pantaleon Florez, Jr., in this
paternity action concerning his 8-year-old daughter, A.L. This time, Florez contends the
district court abused its discretion when it sustained Lesa Lank's objection to a case
manager's recommendation. The manager had recommended that for travel expenses
Florez receive a $150 set-off credit on an outstanding $8,000 money judgment Lank has
against him for attorney fees. In other words, Florez wanted the court to reduce his
outstanding judgment by $150 every time he visits his daughter. By our calculation, if the
parties followed that scheme, Florez could reduce that judgment to zero after 54 visits

1

and never have to pay Lank a penny for the attorney fees she has incurred during this nonstop legal assault Florez has prosecuted in this action. The district court did not find that reasonable. Neither do we. We affirm in part and reverse in part.

Obviously, the parties have lived through the many stages of this litigation and we need not repeat them for this ruling. But, suffice it to say, Lank and her daughter live in Wichita and every other weekend Florez drives to Wichita, picks up his daughter, and then returns to Topeka. At the end of the weekend, he returns her to Wichita. Naturally, all of this travel costs money and how to treat these expenses has been a source of conflict with the parties from the start.

An amended case management recommendation was filed in March 2013. It recommended that Florez' parenting time should expand to every other weekend commencing on Friday at 5:30 p.m. to Sunday at 4 p.m. The recommendation also laid out a parenting time schedule for major holidays.

At issue here is the recommendation that "[i]n light of the fact that [Lank] has various judgments against [Florez] totaling approximately $8,600," Lank would have the option of either providing half of the long-distance transportation in connection with Florez' parenting time or Florez would be entitled to receive a $150 offset credit against the various monetary judgments he owes Lank for each weekend that Florez provided all of the transportation between Topeka and Wichita. The case manager further recommended that in the event any portion of the monetary judgments are reversed on appeal so that the $150 credit exceeded the remaining balance of the judgments, then the parties would equally share in the transportation. The case manager explained how he made his calculations:

> "The $150 per weekend offset credit is based upon the mileage calculation obtained on
> the Rand McNally website of 139.8 miles between Petitioner's home and Respondent's

2

business, one way. The standard business mileage rate for 2013 pursuant to the IRS Rev. Proc. 2010-51, Notice 2012-72 is 56.5 cents per mile. Multiplying 139.8 x 56.5 x 4 one-way trips each weekend = $315 (rounded) divided by 2 = $158. [Florez] proposed $150 per round trip . . . ."

Lank objected. At the hearing on Lank's objection, she argued that the transportation setoff was premature because the transportation cost issue was currently on appeal before this court (Florez' third appeal) and that it contravened the district court's prior order. She further argued that if the court were to impose shared transportation costs, the mileage rate should be 24 cents per mile, rather than 56.5 cents per mile. Lank also thought that Florez had the impression that the recommended offset meant he never had to pay anything toward the judgments he currently owed her. She stated that if Florez would pay the $8,000 he owed her, she would be happy to share in the transportation costs.

Florez contended that the offset would not be an issue if Lank would just provide half of the transportation. Florez further contended that the recommended offset amount was reasonable.

The case manager testified that he "probably wouldn't have actually gone in that direction" of recommending the transportation offset, except that Lank proposed it. He said Lank proposed the offset because Florez was not paying the judgments he owed her for attorney fees and Lank did not want to be involved in any of the transportation. He also stated that he thought 56.5 cents per mile was too high, but that the mileage rates Lank suggested were not as applicable.

The district court postponed ruling on the matter until after this court resolved Florez' third appeal. In July 2014, Florez again argued that the case manager's recommendation was reasonable and that Lank proposed the credit. Florez also contended

3

that because the amended case management recommendation expanded Florez' parenting time to include additional holidays and a week of summer parenting time, there had been a material change in circumstances since the previous decision.

Lank argued that the unpaid $8,000 judgments for her past attorney fees had created a hardship for her and it would be unfair for her to carry this kind of balance. She would agree to a reasonable transportation credit after he paid all of the outstanding judgments. Lank further argued it would be improper to make a transportation adjustment now when the district court's prior order denying a transportation cost adjustment to Florez' child support obligation had just been upheld on appeal. Lank also argued that a transportation credit was inappropriate because she alone was responsible for all of the child's day-to-day transportation to school, daycare, activities, and dentist and doctor appointments. She contingently argued that if she did not have to go through any further appeals, she would agree to a transportation credit but the rate should be 24 cents per mile. She contended that the Internal Revenue Service rate of 56 cents per mile did not apply because it was for business miles, while its rate of 24 cents per mile for personal, medical, or moving expenses was more applicable.

Lank asked for the court to award attorney fees under its equitable powers. Florez responded that there was no basis to award attorney fees to Lank because Lank filed the objection to the case manager's recommendation that caused the current proceeding.

The district judge took a firm line against the position taken by Florez:

"I am ruling that there's not a material change in circumstances justifying the requirement that Mom pay for or provide an adjustment to Dad's transportation costs at this time. I don't think that it is reasonable that Mom be responsible for that adjustment at this time. I am adopting the findings of Judge Rumsey, I find that they are still valid and I'm adopting them and the recitation set forth in the court of appeals decision that just came down recently. I find that it's still valid and it is adopted as well.

4

"Once, Mr. Florez, you have paid all the amounts due to Mom, you will get an adjustment of $110.00 per month, once that—all the payments are due. If there is any amount outstanding you do not get that adjustment. Mom will have her choice of either giving you that adjustment at that time, once all amounts due are paid, or she can pickup [*sic*] your daughter at 4:00 o'clock on those Sunday evenings, and once again, that will be Mom's choice."

The district court further awarded Lank $1,000 in attorney fees unless Florez paid all of his arrearages in attorney fees by December 31, 2014. The balance of the case manager's recommendation, not related to the transportation costs, was adopted by agreement.

Once the order was filed, Florez moved to alter or amend the judgment. Florez contended that the district court should not have fashioned a future adjustment to child support for travel costs because child support was not an issue before the court. He also contended that the district court should not have awarded Lank attorney fees because it was Lank's objection to the case management recommendation that caused the proceeding. The court heard the matter in December 2014. The district court rescinded its previous order awarding attorney fees to Lank. The district court, though, ordered Florez to pay Lank $1,000 in attorney fees for having to argue against the portions of Florez' motion to alter or amend that did not deal with attorney fees. The district court affirmed the remaining portions of its prior order.

Florez brought this fourth appeal challenging the district court's orders (1) sustaining Lank's objection to the part of the case manager's recommendation that would offset Florez' long-distance transportation costs against outstanding judgments owed to Lank by Florez; (2) awarding Lank attorney fees; and (3) denying Florez' motion to alter or amend the judgment.

We begin our analysis with a review of the case manager system. Case management is the process by which a neutral case manager appointed by the court

5

assists the parties by providing a procedure, other than mediation, which facilitates negotiation of a plan for child custody, residency, visitation, or parenting time. K.S.A. 2014 Supp. 23-3507. The statute does not explicitly authorize case management over financial matters. See K.S.A. 2014 Supp. 32-3508(a). However, the statute does provide that issues such as designation of custody, primary residence, or child support which are recommended by the case manager shall be entered into the court record within 10 working days of receipt of the recommendation. K.S.A. 2014 Supp. 23-3509(d)(5). That statutory provision assumes that a case manager has authority to make recommendations regarding financial matters, such as child support. The order for case management issued in this case also contemplates that the case manager may make recommendations regarding child support.

The case manager shall make recommendations to the court when the parties are unable to reach an agreement. K.S.A. 2014 Supp. 23-3507. If a party disagrees with a recommendation, such party may file a motion before the court for a review at which time an order shall be made by the court. The case manager shall explain to the court either by report or testimony the reasons for such recommendation or recommendations. K.S.A. 2014 Supp. 23-3509(d)(6). The burden is on the party challenging the recommendation to establish the recommendation is erroneous or inappropriate. *In re Marriage of Hall*, 45 Kan. App. 2d 1, 5, 246 P.3d 404 (2010). The case manager's recommendation is advisory in nature and the district court is not required to accept the recommendation. *In re Marriage of Hutchinson*, 47 Kan. App. 2d 851, 857, 281 P.3d 1126 (2012); see *In re D.R.K.*, No. 90,689, 2003 WL 22831935, *6 (Kan. App. 2003) (unpublished opinion).

This court reviews the district court's decision on the recommendation for abuse of discretion. *In re Marriage of Gordon-Hanks*, 27 Kan. App. 2d 987, 989, 10 P.3d 42, *rev. denied* 270 Kan. 898 (2000). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is

6

based on an error of fact. *Frazier v. Goudschaal*, 296 Kan. 730, 755, 295 P.3d 542 (2013).

Basically, the district court sustained Lank's objection to the amended case management recommendation. The court ruled that there was no "material change in circumstances" justifying a requirement that Lank pay for or provide an adjustment to Florez' transportation costs. The court also ruled that a transportation adjustment was not "reasonable" at this time. He adopted the findings of Judge Rumsey and the recitation set forth in this court's last opinion on the issue of these transportation costs. The order stated: "There is no material change of circumstances to justify petitioner/mother providing transportation or allowing an adjustment to the child support for transportation costs at this time."

We find no abuse of discretion in the court finding that the case manager's recommendation was unreasonable. Indeed, it turned an $8,000 judgment into a line of credit. Florez currently owes Lank over $8,000 in unpaid judgments for attorney fees. But, rather than pay that money, the case manager's recommendation would allow Florez to gradually reduce the judgments owed by offsetting his transportation costs every month. Lank made it clear that this would be a hardship for her.

Moreover, the recommendation would alter monetary judgments awarded to Lank that have become final and could hinder her ability to collect. Lank has the right to enforce those judgments now.

Judge Rumsey, who heard this case previously, found that Lank is already responsible for all of A.L.'s day-to-day meals, events, and trips to doctor appointments and dentists, and this finding is still true. The district court here adopted that finding. The finding supports the court's ruling that requiring Lank to pay Florez' transportation costs at this time would be unreasonable.

Also, the court did not abuse its discretion by finding that there was no "material change of circumstances" to justify "an adjustment to the child support for transportation costs at this time." Florez tries to make much of the fact that the case manager did not recommend a change to child support. Indeed, the case manager recommended an "offset credit towards the various monetary judgments entered in favor of [Lank]" rather than a reduction to the child support owed to Lank. This is a distinction with no significance.

Either way, the amount of money that Florez would be required to pay to Lank would be reduced. The district court recognized that this court had just denied Florez' request for an adjustment to child support for transportation costs and found that there was no material change of circumstances to justify a monetary offset for the *same* transportation costs. That there had been no material change in circumstances since the last decision supports a finding that the case manager's recommendation was inappropriate at this time. As Lank's counsel argued in one hearing, Florez is trying to "get in the backdoor when he couldn't get in the front door."

Clearly, the district court was under no legal obligation to accept and follow the case manager's recommendation. See *In re Marriage of Hutchinson*, 47 Kan. App. 2d at 857. Florez has not shown that the district court acted arbitrarily, fancifully, or unreasonably or made an error of law or fact that warrants reversal. See *Frazier*, 296 Kan. at 755.

We are concerned, however, about the court's order granting a future transportation credit on child support if Florez pays all past due judgments. The district court ordered:

> "Once [Florez] has fully paid all outstanding judgments and all sums owed to petitioner to include additional interest that has legally accrued on said judgments, then, commencing with the first month following the payment of all of these sums, respondent

8

shall be entitled to either a monthly travel adjustment of $110.00 per month if he continues to provide all transportation or [Lank] may share the transportation duties, at [Lank]'s sole option."

The Kansas Child Support Guidelines permit an adjustment to child support for any "substantial and reasonable" long-distance transportation costs associated with parenting time. Kansas Child Support Guidelines §IV. E1 (2015 Kan. Ct. R. Annot. 126). Child support adjustments are discretionary with the district court and apply only if requested by a party. The court determines if the adjustment should be granted based upon the best interests of the child. Kansas Child Support Guidelines §IV. E (2015 Kan. Ct. R. Annot. 126). In making this discretionary decision, the court considers the following four factors: (1) which party caused the expense by moving away; (2) the reasonableness of the expense; (3) the amount of the expense; and (4) other relevant factors. *In re Parentage of Brown*, 39 Kan. App. 2d 26, 29, 176 P.3d 242 (2008).

This child support modification may or may not take place at some unknown date in the future when Florez has paid off his outstanding debt to Lank. Thus, the court must attempt to consider the best interests of the child in this hypothetical future world. This is simply a matter of speculation.

In *Burgardt v. Willinger*, No. 109,083, 2013 WL 4730691, at *3-5 (Kan. App. 2013) (unpublished opinion), a panel of this court reversed a prospective order changing the residency of a minor child because the order was based on speculation, not evidence, that it would be in the best interests of the child to change residency in 3 years when the child turned age 5. The court found the district court's factual findings were not supported by substantial competent evidence because in 3 years the parties may relocate or do other things that would make the residency change more harmful to the child than good. 2013 WL 4730691, at *3-4. We share a similar reluctance to recognize a speculative prospective order.

9

We understand that both Lank and the court viewed this order as an incentive to Florez to pay Lank the money he owes her for her attorney fees. Our concerns center on the fact that it is speculative at best. There is no way to know what transportation expenses will be in the future and how long it will take Florez to satisfy the judgment. Neither party requested modification of child support at this point. The order is not based on any facts, and we reverse because it is arbitrary and an abuse of discretion.

Finally, we turn to the issue of attorney fees. The court awarded $1,000 in attorney fees to Lank for having to argue against Florez' request that paragraphs 2 and 3 of the district court's order be stricken. The district court asked Lank's attorney how much her attorney fees were for the hearing on the motion to alter and amend and the attorney responded that they were in excess of $1,000. Florez does not challenge the amount of the award.

Given the history of litigation in this case and the record on appeal, the district court did not abuse its discretion in awarding Lank attorney fees. Florez, a practicing attorney, has continually brought motions and appeals dealing with similar issues. Florez does not incur the same cost as Lank because he is an attorney. Lank has had difficulty collecting judgments against him as evidenced by the $8,000 in monetary judgments that are unpaid.

In K.S.A. 2014 Supp. 23-2216(a) and K.S.A. 2014 Supp. 23-2715, the Kansas Family Law Code provides that attorney fees may be awarded to either party as justice and equity may require. Justice and equity call for an award, again, of attorney fees to Lank. We affirm the district court's award of attorney fees.

Affirmed in part and reversed in part.